# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| **(1) ANDRE WILSON, as a (party of one) and,**<br>**(2) on behalf of INDIVIDUALS WHO ARE SIMILARLY SITUATED,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**(1) THE CITY OF LAWTON, OKLAHOMA,**<br>**(2) MICHAEL CLEGHORN, in his official capacity,**<br>**(3) STAN BOOKER, in his official capacity,**<br>**(4) JOHN RATLIFF, in his official capacity,**<br>**(5) ONREKA JOHNSON, in her official capacity,**<br>**(6) KELEA L. FISHER, in her official capacity,**<br>**(7) FRANK V. JENSEN, in his official capacity,**<br>**(8) NEIL WEST, in his official capacity,**<br>**(9) MICHAEL JONES, in his official capacity,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Case No.**   CIV-22-716-G<br><br>**JURY TRIAL DEMANDED**<br><br># FILED<br><br>**AUG 1 9 2022**<br><br>**F CARMELITA REEDER SHINN, CLERK**<br>**U.S. DIST. COURT, WESTERN DIST, OKLA**<br>**BY_____DEPUTY** |

**Defendants.**

## PLAINTIFF'S COMPLAINT

Comes Now the Plaintiff, Andre Wilson, and on behalf of the United States Combat

Veterans similarly situated, who are diagnosed with mental and physical impairments that are

protected under the Americans with Disabilities Act (ADA or title II), 42 U.S.C. §§ 12131-34;

Section 504 of the Rehabilitation Act of 1973 (Section 504 or RA), 29 U.S.C. § 794; and under

Okla. Stat. Tit. 25, Sec. §§ 1101-1706 and states and would show the Honorable Court as

follows:

1

## NATURE OF THE ACTION

Plaintiff, Andre Wilson, alleges the City of Lawton (City), under the well-established "Repeated Violations Doctrine", repeatedly failed to provide equal access to its services, programs, and activities to provide reasonable accommodations to individuals with disabilities while receiving federal financial assistance. *See Hamer v. City of Trinidad,* (10th Cir.). Moreover, the City demonstrates a "reckless disregard" for the rights of individuals with disabilities by repeatedly failing to establish implementing regulations under title II when providing appropriate "readily accessible" auxiliary aids for individuals with disabilities to "effectively" and "meaningfully" participate in its programs, services, or activities which has the same practical effects as "outright exclusion". *See Tyler v. City of Manhattan*, (10th Cir.), *Tennessee v. Lane.*

In summation, Plaintiff, Andre Wilson, alleges a knowing and willful failure to reasonably modify City rules and policies to accommodate individuals with unseen disabilities. Plaintiff, Andre Wilson, alleges the City and its departments are public entities liable under 42 U.S.C. § 1983, title II, RA, Tenth Circuit's Repeated Violations Doctrine, as well as Oklahoma Statute Title 25, Section 1101-1706.

## THE PARTIES

1. Plaintiff, Andre Wilson, is a resident of Comanche County, State of Oklahoma which is located within the Western District of Oklahoma.

2. Defendant City of Lawton is a political subdivision of the State of Oklahoma and its City Hall is located in Lawton, Oklahoma that is located in the Western District of Oklahoma.

3.  Upon information and belief, Michael Cleghorn is a resident of Comanche County which is located within the Western District of Oklahoma. During all relevant times described herein he was acting under color of law.

4.  Upon information and belief, Stan Booker is a resident of Comanche County which is located within the Western District of Oklahoma. During all relevant times described herein he was acting under color of law.

5.  Upon information and belief, John Ratliff is a resident of Comanche County which is located within the Western District of Oklahoma. During all relevant times described herein he was acting under color of law.

6.  Upon information and belief, Onreka Johnson is a resident of Comanche County which is located within the Western District of Oklahoma. During all relevant times described herein she was acting under color of law.

7.  Upon information and belief, Kelea L. Fisher is a resident of Comanche County which is located within the Western District of Oklahoma. During all relevant times described herein she was acting under color of law.

8.  Upon information and belief, Frank V. Jensen is a resident of Comanche County which is located within the Western District of Oklahoma. During all relevant times described herein he was acting under color of law.

3

9.  Upon information and belief, Neil West is a resident of Comanche County which is located within the Western District of Oklahoma. During all relevant times described herein he was acting under color of law.

10. Upon information and belief, Michael Jones is a resident of Comanche County which is located within the Western District of Oklahoma. During all relevant times described herein he was acting under color of law.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 because the claims alleged arise under the Constitution and laws of the United States of America and pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242. The Court also has original jurisdiction of the claims arising under the Americans with Disabilities Act of 1990, the Americans with Disabilities Amendments Act of 2008, codified pursuant to 42 U.S.C. § 12101 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

12. This Court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over all the defendants because they are either political subdivisions of the State of Oklahoma or citizens of the State of Oklahoma.

14. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) in that the defendants reside in the Western District of Oklahoma and a substantial part of the events giving rise to the claim occurred in the Western District of Oklahoma.

4

## FACTUAL ALLEGATIONS

15. Plaintiff, Andre Wilson, is diagnosed with a disability and is a community change agent who offers assistance to impacted individuals, with and without disabilities, for the Oklahoma Poor People's Campaign (PPC): A National Call for Moral Revival.

16. Plaintiff, Andre Wilson, is active in civic affairs and regularly attends meetings of the Lawton City Council, Lawton Access Board, and Lawton Race Relations Committee.

17. Plaintiff's wife, Itai Chinhamo-Wilson, is a License Professional Counselor (LPC) and Rehabilitation Specialist for the Oklahoma Department of Rehabilitation Services (OKDRS) that support the needs of individuals with disabilities in addition to Plaintiff, Andre Wilson.

18. Plaintiff Andre Wilson and his wife have received complaints from combat veterans and individuals with disabilities detailing discrimination by departments and employees for the City of Lawton (City). The City has a large population of veterans, active-duty military service members, retirees and their families. *See DOJ v. Killeen*, DJ 204-76-220 and 28 C.F.R. § 35.106

19. Plaintiff left copies of the "July 30, 2021, Justice Department's Agreement with the City of Killeen, Texas" that detailed similar disability discrimination with City Policymakers.

20. Plaintiff alleges that Policymakers of the City have been alerted sufficiently of the deprivations of federal rights committed by its employees, supervisors, and municipal officials about the unequal treatment of minorities with disabilities, including Plaintiff.

21. On Thursday, July 22, 2021, Plaintiff gave "fair notice" to City Policymakers including Michael Cleghorn, John Ratliff, and Kelea L. Fisher in a ten (10) page document regarding "policy issues" along with the unconstitutional written ADA Policy, City Code 13-1-101. (Exhibit A)

22. Plaintiff alleges Policymakers had actual knowledge of City employee's violating the rights of Plaintiff while simultaneously Policymakers along with department heads acquiesced in the violation by fostering an inadequate ADA Policy under City Code 13-1-101.

23. Plaintiff provided the City with title II training materials from the DOJ to safeguard the rights of individuals with disabilities and assist in mitigating municipal liability for the City. (Exhibit B)

24. Plaintiff alleges the City Policymakers breached their duty to provide individuals with disabilities reasonable accommodation/modification to the City's programs, services, or activities under title II and RA.

25. Furthermore, Plaintiff gave Policymakers actual or constructive notice that the City's actions or inactions to adopt and establish title II Policy under the ADA would certainly result in constitutional violations of individuals with disabilities.

26. What's more, the City Policymakers consciously or deliberately choose to disregard the risk of harm by failing to train, educate, and adopt federal title II administrative regulations under the ADA after timely complaints and notifications by Plaintiff.

27. Additionally, Plaintiff alleges with deliberate indifference to the consequences, Policymakers official actions and inactions helped to established and maintained a policy, practice, or custom which directly caused the violation and harm to Plaintiff.

28. Beginning in the spring of 2014, Plaintiff filed a complaint with City Prosecutor alleging his family was harassed and eventually assaulted by the same individual who had been reported several times before to City authorities. (Exhibit C)

29. In May 2015, Plaintiff, Andre Wilson, and his wife, filed an additional citizens' complaint with the City Prosecutor, Neil West, regarding criminal actions committed against the

6

Plaintiff in the presence of their minor children which City authorities did not properly record. (Exhibit D)

30. Plaintiff had used the City Codes to report the same suspected individual for harassment, acting on threats, and physically assaulting Plaintiff in front of his minor son with disabilities.

31. No legal actions were taken by City Prosecutor Neil West as he refused to enforce any state statutes or City Codes to protect the fundamental rights of individuals with disabilities.

32. The City Prosecutor, Neil West, demonstrated that he was "deliberately indifferent" to Plaintiff's rights by declining to charge suspect and note alleged disabilities in any case filings of the City's Legal Department or Prosecutor's Office.

33. Plaintiff illustrated to the City Policymakers how the lack of title II administrative regulations adopted by the City correlates to repeated violations of the ADA.

34. Plaintiff explained to City Attorneys and Legal Department that it is foreseeable the lack of enforcement of City policies and ordinances to protect individuals with disabilities can cause harm and liability to the City.

35. Plaintiff, Andre Wilson, alleges that title II and RA are not "adequately established" to protect the "fundamental rights" of individuals with disabilities in the City.

36. Plaintiff, Andre Wilson, asserts that "in practice" the City arbitrarily engages in an official unwritten "failure to protect" policy that discriminates against people with disabilities.

37. Plaintiff, alleges the City's Prosecutor Office's "normal function" of applying discretion to the rights of individuals protected under title II is to engage in a "pattern and practice" of unfairly and arbitrarily applying state and federal protections under the law to safeguard minorities with disabilities instead of enacting title II administrative regulations.

38. On September 23, 2017, Plaintiff was discriminated against when Detective Alberto Talavera treated Plaintiff differently than others while trying to file a police report on behalf of his minor son who is protected under title II of the ADA. (Exhibit E)

39. On May 15, 2019, Plaintiff alleges that he notified City Manager Michael Cleghorn and former City Attorney Frank V. Jensen via email of the "unequal treatment" and "discriminatory" behavior committed by City administrative employee, Julie Snodgrass. (Exhibit F)

40. Plaintiff alleges that Julie Snodgrass incorrectly offered unsolicited "legal advice" when she alleged the statutes of limitations (SOL) barred Plaintiff from filing a federal cause of action under title II of the ADA. A timely federal lawsuit could have been filed and pursued under the Tenth Circuit's "Repeated Violations Doctrine" during that time. No corrective measures by City Policymakers were taken.

41. City Manager Cleghorn, Attorney Jensen and Policymakers offered no apology, redress or atonement for Ms. Snodgrass offering unsolicited legal advice which is breach of City Policy.

42. Plaintiff alleges that accessibility to the City's current services, programs, and activities are not "readily available" to individuals with mental and physical disabilities including, but not limited to, cognitive impairments, mood disorders, blindness, deafness, and low-vision.

43. On April 1, 2019, Plaintiff filed a damage claim for "mental anguish" against the City after notifying Policymakers of municipal negligence, unlawful conduct, lack of adopting and enforcement of the protection statutes, ordinances, and policies of the City. (Exhibit G)

44. Plaintiff was deprived of his fundamental rights and damages claim for "mental anguish" by then City Attorney Frank V. Jensen as the City continued its "unlawful conduct" of depriving minorities and individuals with disabilities of their "civil rights", "equal protection", and "due process" clauses guaranteed under the Fourteenth Amendment of the United States Constitution. (Exhibit H)

45. The City's Claims Investigator, Mincie Beamesderfer, CLA scheduled for consideration and recommended denial of Plaintiff's damages claim without the ability to appeal its decision to sufficiently demonstrate how failures in policy violate the legal standards of title II and RA. (Exhibit I)

46. Plaintiff alleges that the City has not "established" a substantial racial and disability policy to protect the fundamental rights of minorities and individuals with disabilities.

47. Plaintiff asserts that under the Fourteenth Amendment of the United States Constitution, Policymakers have an "affirmative duty" to govern minorities and individuals with disabilities impartially when it chooses to accept federal financial assistance from the United States.

48. Plaintiff, alleges that a "good faith" intent to adopt and utilize title II administrative regulations has not been established by the City Policymakers in violation of the ADA and RA.

49. Plaintiff alleges that Policymakers inactions to adopt title II administrative regulations for individuals with disabilities to achieve "equal rights" is in and of itself a violation of the Fourteenth Amendment of the United States Constitution.

50. Plaintiff alleges that the "self-evaluation" requirements under the federal ADA regulations promulgated by the Department of Justice (DOJ) to implement Part A of Title II (28 C.F.R. § 35.150) are either woefully inadequate or not adopted by the Policymakers of the City. *See Lewis "Toby" Tyler v. City of Manhattan,* (10th Cir.).

51. On Monday, August 12, 2019, Plaintiff, mailed two (2) separate envelopes containing a "three (3) page document" with an instruction page to Mayor Stan Booker and City Clerk, Traci Hushbeck identifying numerous ongoing title II violations committed by the City. (Exhibit J)

52. The three (3) page document is titled, Americans with Disabilities Act (ADA) Noncompliance/City of Lawton, dated August 9, 2019, and included an "instruction page"

9

directing the City Clerk, Traci Hushbeck to make copies for all the Policymakers and to confirm the task by emailing Plaintiff, Andre Wilson, at Andrelwilson@outlook.com. (Exhibit K)

53. Plaintiff, Andre Wilson, did not receive a follow-up confirmation email from the City Clerk's Office or Traci Hushbeck regarding the duplication of the ADA Noncompliance letter.

54. Both envelopes were mailed to 212 SW 9th Street, Lawton, OK 73501 by certified mail with a "returned receipt" via U.S. Postal Service and seemed to be received by Gordon Owens. (Exhibit L)

55. Within the letter dated August 9, 2019, Plaintiff describe the alleged repeated title II violations and the lack of compliance with the "City's webpage, ADA enforcement, self-evaluations, transition plans, unnecessary inquiries, equal protections under the law, access to emergency information, effective communication, ADA signage, programs, activities, and services." (Exhibit M)

56. Plaintiff wrote that his family could have benefited from the services and activities of the City Prosecutor's Office and the ADA if the "administrative regulations of title II had been readily available, visible, and enforced by the City." (Exhibit N)

57. Plaintiff described on page two of the ADA Noncompliance letter dated August 9, 2019, his diagnosis of "neurological impairment" and "traumatic brain injury (TBI)." (Exhibit O)

58. Plaintiff continued to make "reasonable recommendations" in his ADA Noncompliance letter to the City Policymakers instructing how to become compliant with title II and RA. (Exhibit P)

59. Allegedly, the Policymakers for the City seemingly ignored Plaintiff's letter by not responding or reacting in any meaningful way to ensure the adoption of title II by the City.

60. On Wednesday, July 14, 2021, Plaintiff requested from City Manager, Michael Cleghorn the adopted policies of the ADA for the City and the ADA Policy for Lawton Police Department (LPD). (Exhibit Q)

61. On Thursday, July 15, 2021, Michael Cleghorn replied to Plaintiff's request for the adopted policies of the ADA by writing, "that some of the information can be found in Lawton City Code 13-1-101". (Exhibit R)

62. Plaintiff contends that the only reference to disability mentioned in 13-1-101 is part A. that declares, *"It is the policy of the city that all citizens of this community shall have an equal opportunity to purchase, rent, lease or occupy hosing accommodations, or to avail themselves of public accommodations, and have an equal opportunity in the job market and the social and economic life of the city, without regard to race, creed, age, religion, color, national origin, ancestry, sex or disability." (Amended by Ord. No. 96-7, 2/13/96)* (Exhibit S)

63. Plaintiff contacted City Councilwoman Onreka Johnson to confirm if City Code 13-1-101 was indeed the City's ADA Policy after receiving the email reply from Michael Cleghorn.

64. On or about Thursday, July 19, 2021, Councilwoman Johnson confirmed that Lawton City Code 13-1-101 was not the ADA Policy of the City and had very little to do with title II.

65. Further, Councilwoman Onreka Johnson said that she will notify the City Policymakers via text or email that Lawton City Code 13-1-101 was not the City's ADA Policy.

66. Plaintiff asserts that Lawton City Code 13-1-101 is unconstitutional because it can be easily misunderstood and the vague language is exceedingly unclear.

67. On Monday, July 26, 2021, Plaintiff, Andre Wilson, and his wife decided to address the City Council about compliance with title II after receiving more complaints from individuals with unseen and communications disabilities from the deaf community throughout the City.

11

68. Allegedly, all City employees are not aware of the ADA's requirements for "communicating effectively" with people who have communication disabilities living in the City. The Facebook group for the deaf community living in the City is ("Lawton Deaf Chat").

69. Moreover, comprehensive and ongoing City staff training on title II requirements is either overlooked or City Policymakers do not know how to apply administrative regulations of title II.

70. On Monday, July 26, 2021, Plaintiff contacted ADA Coordinator, Michael "Mike" Jones to "request an ADA accommodation/modification for the City Council meeting" to be held on Tuesday, July 27, 2021. (Exhibit T)

71. Further, on Monday, July 26, 2021, "Michael Jones replied that he forwarded Plaintiff's request for reasonable accommodation/modification to the City Clerk's Office for further consideration and included that he did not anticipate any problem in granting Plaintiff's request." (Exhibit U)

72. Plaintiff confusingly did not receive a written or oral response from any City employee regarding his request for a reasonable accommodation/modification.

73. On Tuesday, July 27, 2021, Plaintiff and his wife, attempted to visit City Hall during the City Council meeting at 6:00 PM, however, the doors were locked.

74. Plaintiff was informed later on that the City Council meetings had been changed to 2:00 PM from 6:00 PM and were to convene every 2nd and 4th Tuesday of each month.

75. On Tuesday, August 10, 2021, Plaintiff and his wife attempted a second time to visit the City Council meeting to inform the City's Policymakers of its repeated title II violations and to assist in providing accessibility solutions to encourage and support compliance by the City.

76. On Tuesday, August 10, 2021, at the beginning of "audience participation", Plaintiff, Andre Wilson, requested an immediate reasonable accommodation/modification from the City Hall podium after Mayor Stan Booker said Plaintiff is limited to three (3) minutes. (Exhibit V)

77. In addition to this, Mayor Stan Booker "denied Plaintiff's request" for a reasonable accommodation/modification of additional time to aid his disability in front of the entire in-person and live-stream audience. (Exhibit W)

78. Plaintiff was publicly embarrassed, emotionally distressed, and began to panic as his anxiety levels fluctuated from the thoughtless actions of Mayor Stan Booker when denying a disability advocate a reasonable accommodation/modification.

79. Plaintiff nervously felt that his presentation was going to directly conflict with the actions of Mayor Stan Booker in plain view of the entire City.

80. Mayor Stan Booker explained that the City Council was confined to the rules of three (3) minutes and the City Council would have to vote to amend its policy before granting a reasonable accommodation/modification. (Exhibit X)

81. As Plaintiff concluded, he requested the City to contact the U.S. Attorney for the Western District of Oklahoma, Robert J. Troester, and the Federal Bureau of Investigation (FBI) to conduct a "compliance review" of all its departmental policies to ensure fair treatment of individuals with disabilities and other constitutionally protected groups. (Exhibit Y)

82. Additionally, the DOJ engages in affirmative litigation to advance the interest of the United States in numerous areas including the "administrative enforcement of federal law", and actions advancing public health, safety, and welfare.

83. During the second presentation, Plaintiff's wife, Itai Chinhamo-Wilson, gave examples of how the City Council was engaged in discrimination as she spoke to City Council. (Exhibit Z)

84. Plaintiff's wife, Itai Chinhamo-Wilson, stated the City is not given equal access to goods and services while further detailing examples during the ongoing City Council meeting.

85. Plaintiff's wife, Itai Chinhamo-Wilson, stated that the live streaming of the City's Council meetings is not accessible to individuals with hearing impairments because the

13

Councilmembers were all wearing masks and the mounting of the cameras are not close enough to read lips.

86. Furthermore, Itai Chinhaom-Wilson noted there is no sign language interpreter in this meeting and no available closed captioning in the live feed.

87. Likewise, the written transcripts do not provide the full context of the discussion and there is no post-production editing to include translations into other languages or any type of closed captioning. Anyone with a hearing impairment is excluded from participation in these meetings.

88. Similarly, Plaintiff's wife discovered that anyone with a hearing impairment would not be able to contact the City or the ADA Coordinator for an accommodation/modification via phone because the City has not established a TTY phone system. *See* 28 C.F.R. § 35.162

89. Plaintiff's wife concluded her presentation by saying she hoped that this was an example where the City can begin to consider how discrimination occurs and how to create access for everyone.

90. The transcripts of the interactions between Plaintiffs and the City in August are on file for review at the City Clerk's Office located at 212 SW 9th Street, Lawton, Oklahoma 73501. (Exhibit AA)

91. Disappointingly, "Plaintiff emailed City Deputy Attorney Kelea Fisher and cc'ed the City Policymakers to share his unequal treatment on Tuesday, August 10, 2021." (Exhibit BB)

92. The email to the City is titled "Treatment During City Council Meeting August 10, 2021." (Exhibit CC)

93. There was no immediate response from any City Policymakers after receiving this email.

14

94. On August 12, 2021, Plaintiff followed up his previous email with another directed to Mayor Booker and City Policymakers addressing the lack of response as to his prior complaints. (Exhibit DD)

95. City Attorney, John Ratliff replied for the Mayor and invited Plaintiff to City Hall to discuss and address Plaintiff's concerns with Policymakers in a more systematic fashion. (Exhibit EE)

96. On Sunday, August 15, 2021, Plaintiff confirmed by email that he and his wife would meet with the City Policymakers at City Hall on August 19, 2021, preferably after 2:00 PM. (Exhibit FF)

97. On Thursday, August 19, 2021, "Plaintiff alleges that he was again discriminated against by City Clerk Traci Hushbeck while engaging her in correspondences through email regarding receiving transcripts from the City Clerk's Office in Large Print." (Exhibit GG)

98. "Plaintiff claims that he provided Ms. Hushbeck a copy of his medical documentation in reference to Convergence Insufficiency (CI) detailing his needs for requiring Large Print yet Ms. Hushbeck continued to correspond with Plaintiff in regular font size print that causes Plaintiff to suffer headaches, dizziness, and double vision." (Exhibit HH)

99. On Thursday, August 19, 2021, during the scheduled meeting, Plaintiff and his wife discussed Plaintiff's exclusion along with other individuals with disabilities being excluded and denied access to "meaningfully participate" in programs, activities, and services of the City.

100.    Moreover, Plaintiff explained to City Policymakers their "legal duty" and "affirmative obligations" under both tile II administrative regulations and RA once the City Policymakers chose to accept federal financial assistance.

101. Further, Plaintiff and his wife offered to assist Policymakers to codify title II administrative regulations to be enforced by City Codes. Policymakers have yet to contact Plaintiff regarding the adoption of title II of the ADA.

102. In conclusion, Plaintiff and his wife shared direct and proximate causes of their pain and suffering while experiencing emotional and mental anguish over the years caused by the lack of title II administrative regulations adopted by the City.

103. Likewise, on Thursday, August 19, 2021, Plaintiff emailed a five (5) page complaint to ADA Coordinator Michael Jones, and cc'ed City Policymakers as well as Oklahoma Rep. Daniel Pae and Sen. John Michael Montgomery. (Exhibit II)

104. On Monday, August 30, 2021, Plaintiff received an official written response from ADA Coordinator Michael Jones regarding the denial of his request for a reasonable accommodation/modification. (Exhibit JJ)

105. On Monday, August 30, 2021, Plaintiff emailed Michael Jones and City Policymakers the contact information of an ASL interpreter for the deaf community to assist with the title II "effective communication" portion of the ADA. Defendants did not respond. (Exhibit KK)

106. On Monday, March 21, 2022, Plaintiff was "treated differently once again by City employees working for the library by the reason of his disability". Yet again, Plaintiff informed City Manager Michael Cleghorn and Policymakers about unseen disabilities, disability etiquette, and effective communication. (Exhibit LL)

107. As a result, Plaintiff alleges the City Policymakers are "deliberately indifferent" to the rights of individuals with disabilities by reckless inactions of not adopting title II of the ADA while at the same time accepting federal financial assistance from the United States.

108. To date, the City has not established an ASL interpreter or contract with an interpreter service to comply with effective communication under title II to ensure that communication with

people with communication disabilities is equally effective as communication with people without disabilities. *See* 28 C.F.R. § 35.160 by the DOJ.

109. Today, Policymakers have yet to establish title II administrative regulations and arrange "readily accessible" auxiliary aids for individuals with different types of disabilities. Plaintiff asserts that City Policymakers' actions and omissions have not been consistent with the care that someone of ordinary prudence would have exercised under the same circumstances.

110. Similarly, an ordinary person could or should reasonably foresee the deprivations of rights against individuals with disabilities committed by the City's actions or inactions of adopting the clearly established title II administrative regulations enacted by Congress and to provide reasonable accommodations/modifications to individuals with disabilities.

111. From the Spring of 2014 to the present day, Plaintiff, Andre Wilson, and his wife continue to allege that individuals with disabilities have not been able to "meaningfully access" or "fully participate" in the benefits of services, programs, and activities provided by the City that correlates with deliberate indifference.

112. As a direct and proximate result of City Policymakers' official conduct, actions, and inactions, Plaintiff's civil rights were violated, which caused him to suffer emotional and physical personal injury, pain and suffering, and mental anguish.

## COUNT I: TITLE II VIOLATIONS: 42 U.S.C. §§ 12131–12134; 504 OF THE REHABILITATION ACT OF 1973: 29 U.S.C. § 794
*Andre Wilson v. City of Lawton*

113. Plaintiff incorporates all allegations set forth above as if fully set forth herein.

114. The City of Lawton accepts federal financial assistance from the United States.

    a. The Americans with Disabilities Act (ADA) is a federal civil rights law that provides protections against discrimination based on disability.

17

      b.  The City Policymakers have not adopted title II administrative regulations to ensure individuals with disabilities are treated fairly.

      c.  The City Policymakers failed to provide "readily accessible" auxiliary aids for individuals with different types of disabilities.

115. Plaintiff is a qualified individual with a disability.

      a.  Plaintiff is diagnosed with a traumatic brain injury (TBI) and other cognitive impairments in 2006.

116. Plaintiff, by the reason of his disability was discriminated against on August 10, 2021, by being excluded from "full participation" and denied "meaningful access" to the benefits of programs, services, and activities provided by a public entity (City of Lawton).

      a.  Plaintiff requested an accommodation of extended time to aid his disability from City's ADA Coordinator Michael Jones.

      b.  Plaintiff's accommodation was denied in-person by Mayor Stan Booker during City Council Meeting on August 10, 2021.

      c.  Plaintiff suffered emotional distress, pain and suffering as he was publicly humiliated and embarrassed.

      d.  Defendants were deliberately indifferent to Plaintiff's disability needs and acted with reckless disregard to rectify inadequate ADA Policy.

      e.  Defendants knew or should have known it was reasonably foreseeable that inactions and acts contrary to title II would cause severe emotional distress.

      f.  Defendants did not exercise reasonable care as the City's conduct was outrageous, indecent, atrocious, odious, uncivilized, or intolerable.

      g.  Thereby, Plaintiff suffered severe emotional distress as a proximate result.

117. Plaintiff seeks damages, including for the extent of Plaintiff's injuries, pain and

suffering, emotional distress, as well as all available damages available under the law.

**WHEREFORE**, Plaintiff moves this Honorable Court to enter an Order of Judgment against Defendant City of Lawton, Michael Cleghorn and Stan Booker, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 12131-34, in an amount in excess of One Million Dollars (1,000,000.00) including interest, delay damages, costs of suit, general and specific damages, including compensatory and actual damages, punitive and exemplary damages as provided by law, attorneys' fees, and to grant such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT II: NEGLIGENCE: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
### 18 U.S.C. § 242 AND 42 U.S.C. § 1983
*Andre Wilson v. City of Lawton*

118. Plaintiff incorporates all allegations set forth above as if fully set forth herein.

119. The City Policymakers accepts federal financial assistance from the United States.

   a. Plaintiff reluctantly used the City's defective and unconstitutional ADA process.

   b. Plaintiff documented deficiencies within City's ADA process and reported problems to Defendants.

   c. Plaintiff actively searched for resolutions to the City's ADA process and provided solutions to Defendants.

   d. Subsequently, Defendants treated Plaintiff differently than others by the way of his disability through willful inactions and omissions to rectify the insufficiencies of the ADA process.

   e. Plaintiff was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States, such as title II of the ADA. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism

19

for enforcing a right or benefit established elsewhere." (*Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985)).

120. The City Policymakers caused Plaintiff to be subjected to unlawful discrimination and deprived of fundamental rights, privileges, or immunities under the ADA and federal laws.

   a. Plaintiff reported discrimination several times to Defendants over the years without filing a lawsuit.

   b. Plaintiff warned Defendants against treating minorities with disabilities differently under the Fourteenth Amendment of the U.S. Constitution.

   c. Plaintiff offered to help Defendants adopt title II of the ADA into City Codes.

   d. Defendants, under the color of law, willful inactions and omissions have failed individuals with disabilities to rectify the discrimination and insufficiencies of the ADA process.

   e. Defendants have not established or adopted title II administrative requirements under title II of the ADA.

   f. As a result, Plaintiff was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States, such as title II of the ADA through willful actions or inactions of Defendants.

121. The City Policymakers engages in a "pattern and practice" of violating federal rights.

   a. Plaintiff gave Defendants actual or constructive notice that the City's actions or inactions would continue to violate federal civil rights under the ADA.

   b. Plaintiff warned Defendants that other departments throughout the City would result in discrimination against minorities and individuals with disabilities.

   c. Defendants' willful inactions and omissions did not rectify the discrimination against minorities and individuals with disabilities.

      d.  Thereby, Plaintiff's civil rights were violated by the Defendants.

122. The City improperly conducts administrative investigations of federal violations.

      a.  Defendants and supervisors practice unconstitutional "administrative investigations" that set into motion a series of events that they "knew or reasonably should have known would cause individuals with disabilities to be deprive of their constitutional rights."

      b.  Plaintiff requested "independent investigations" from Defendants of his allegations to be conducted by independent state and federal agencies.

      c.  Plaintiff's investigative requests were omitted and denied by Defendants.

      d.  Plaintiff warned City Attorney Kelea Fisher, ADA Coordinator Michael Jones, and Policymakers that it was improper for an attorney employed by the City to investigate any alleged wrongdoing by City employees on behalf of Plaintiff.

      e.  Defendants' willful inactions and omissions did not rectify the discrimination and the improper administrative investigations of federal violations against minorities and individuals with disabilities.

      f.  Therefore, Plaintiff was denied and "deprived of fair and impartial investigations" of federal civil rights violations allegedly corroborated by Defendants.

      g.  Accordingly, Defendants were deliberately indifferent and acted with reckless disregard toward individuals with disabilities.

      h.  Defendants knew or should have known it was reasonably foreseeable that their acts would cause severe emotional distress.

      i.  Defendants did not exercise reasonable care as the City's conduct was outrageous, indecent, atrocious, odious, uncivilized, or intolerable.

      j.  Thereby, Plaintiff suffered severe emotional distress as a proximate result.

123. Plaintiff seeks damages, including for the extent of Plaintiff's injuries, pain and suffering, emotional distress, as well as all available damages available under the law.

**WHEREFORE**, Plaintiff moves this Honorable Court to enter an Order of Judgment against Defendant City of Lawton, Michael Cleghorn, Kelea L. Fisher, and Michael Jones pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 12131-34, in an amount in excess of One Million Dollars (1,000,000.00) including interest, delay damages, costs of suit, general and specific damages, including compensatory and actual damages, punitive and exemplary damages as provided by law, attorneys' fees, and to grant such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT III: FOURTEENTH AMENDMENT VIOLATIONS: DUE PROCESS AND EQUAL PROTECTION CLAUSES
### *Andre Wilson v. City of Lawton*

124. Plaintiff incorporates all allegations set forth above as if fully set forth herein.

125. Plaintiff filed damage claim against the City of Lawton on April 1, 2019.

    a. Plaintiff's § 1983 claim alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. This clause, which states that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws," is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). While the State need not investigate and prosecute every complaint, it "may not ... selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489 U.S. 189, 197 n.3 (1989) (citing *Yick Wo v. Hopkins,* 118 U.S. 356 (1886)).

b. Defendants accepts federal financial assistance under title II of the ADA.

c. Defendants denied Plaintiff a fair and impartial avenue to access "due process" and "equal protection" to rectify violations of rights under title II of the ADA.

d. Defendants denied and deprived Plaintiff of "fair and impartial investigations" of federal civil rights violations and discrimination against minorities with disabilities.

e. There is no substantial constitutional race and disability anti-discrimination policy adopted into Lawton City Codes by the Defendants.

f. Defendant City Attorneys Frank V. Jensen and Kelea L. Fisher wrongly declared no widespread "race and disability discrimination" in separate City administrative investigations.

g. Defendants denied Plaintiff requests for independent investigations conducted by state and federal investigatory agencies, at the hands of O.S.B.I., F.B.I., and the United States Attorney for the Western District of Oklahoma, Robert J. Troester.

h. Defendants' willful inactions and omissions did not rectify the discrimination after improperly conducting administrative investigations of federal violations caused by Defendants against minorities and individuals with disabilities.

i. Defendants were deliberately indifferent and acted with reckless disregard toward the rights of minorities and individuals with disabilities.

j. Defendants knew or should have known it was reasonably foreseeable that their acts would cause severe emotional distress.

k. Defendants did not exercise reasonable care as the City's conduct was outrageous, indecent, atrocious, odious, uncivilized, or intolerable.

l. Thereby, Plaintiff suffered severe emotional distress as a proximate result.

126. Plaintiff seeks damages, including for the extent of Plaintiff's injuries, pain and suffering, emotional distress, as well as all available damages available under the law.

**WHEREFORE**, Plaintiff moves this Honorable Court to enter an Order of Judgment against Defendant City of Lawton, Michael Cleghorn, Frank V. Jensen, and Kelea L. Fisher pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 12131-34, in an amount in excess of One Million Dollars (1,000,000.00) including interest, delay damages, costs of suit, general and specific damages, including compensatory and actual damages, punitive and exemplary damages as provided by law, attorneys' fees, and to grant such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT IV: DELIBERATE INDIFFERENCE: 42 U.S.C. § 1983
*Andre Wilson v. City of Lawton*

127. Plaintiff incorporates all allegations set forth above as if fully set forth herein.

128. Plaintiff informed Policymakers of federal violations of minorities with disabilities.

    a.  Plaintiff presented evidence of several constitutional violations to Defendants.

    b.  The constitutional violations occurred in other departments throughout the City.

129. Plaintiff informed Policymakers of the inadequacy of the City's official ADA Policy.

    a.  Plaintiff notified Michael Cleghorn and Policymakers of inadequate ADA Policy.

    b.  Defendants were deliberately indifferent and acted with reckless disregard to rectify the inadequate ADA Policy.

    c.  Defendants knew or should have known it was reasonably foreseeable that their acts would cause severe emotional distress.

    d.  Defendants did not exercise reasonable care as the City's conduct was outrageous, indecent, atrocious, odious, uncivilized, or intolerable.

    e.  Thereby, Plaintiff suffered severe emotional distress as a proximate result.

130. Plaintiff instructed Policymakers to federal websites for training and remedial actions.

    a.  Plaintiff directed Michael Cleghorn and Policymakers to federal ADA websites, F.B.I., U.S. Attorney for the Western District of Oklahoma, Robert J. Troester, and offered Policymakers their personal services to help with title II compliance.

    b.  Defendants were deliberately indifferent and acted with reckless disregard to the rights of individuals with disabilities.

    c.  Defendants knew or should have known it was reasonably foreseeable that their acts would cause severe emotional distress.

    d.  Defendants did not exercise reasonable care as the City's conduct was outrageous, indecent, atrocious, odious, uncivilized, or intolerable.

    e.  Thereby, Plaintiff suffered severe emotional distress as a proximate result.

**WHEREFORE**, Plaintiff moves this Honorable Court to enter an Order of Judgment against Defendant City of Lawton, Michael Cleghorn, and Policymakers of the City pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 12131-34, in an amount in excess of One Million Dollars (1,000,000.00) including interest, delay damages, costs of suit, general and specific damages, including compensatory and actual damages, punitive and exemplary damages as provided by law, attorneys' fees, and to grant such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT V: RESPONDEAT SUPERIOR: OKLA. STAT. TIT. 51, § 151
*City of Lawton*

131. Plaintiff incorporates all allegations set forth above as if fully set forth herein.

132. Policymakers' inactions and omissions did not rectify the deliberate indifference or federal violations against minorities and individuals with disabilities as Policymakers failed to take investigative, disciplinary, or other corrective measures to remedy the unconstitutional

municipal practices while collectively City employees and supervisors vicariously engaged in the unconstitutional municipal custom or policy of the City.

133. This is "essentially a direction that all persons similarly situated should be treated alike." *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) and *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985)

    a. Plaintiff is not treated the same as other individuals with disabilities under title II.

    b. Plaintiff described his "cognitive disability" to the ADA Coordinator, Mike Jones during a meeting with the Lawton Access Board in the presence of Kay Love of the Lawton Council of the Blind and Progressive Independence Disability Advocate, Rocco Bonacci.

    c. Defendant Mike Jones confessed that he did not know how to assist individuals with invisible disabilities like a traumatic brain injury (TBI).

    d. Michael Cleghorn and City Policymakers have failed to train city employees, supervisors, and the ADA Coordinator "thoroughly" about title II of the ADA.

    e. Michael Cleghorn and City Policymakers have failed to train city employees and supervisors about constitutional deprivations and equal protections under law.

    f. Michael Cleghorn and City Policymakers have failed to train city employees and supervisors about effective communications with individuals with disabilities.

    g. Michael Cleghorn and City Policymakers have failed to adopt constitutional City ordinances and policies to help city employees and supervisors provide successful services to the public including individuals with disabilities.

    h. Michael Cleghorn and City Policymakers are liable for Plaintiff's injuries under both theories of "vicarious liability" and "failure to train and supervise" city employees and supervisors.

    i.   Defendants were deliberately indifferent and acted with reckless disregard toward individuals with disabilities.

    j.   Defendants knew or should have known it was reasonably foreseeable that their acts would cause severe emotional distress.

    k.   Defendants did not exercise reasonable care as the City's conduct was outrageous, indecent, atrocious, odious, uncivilized, or intolerable.

    l.   Thereby, Plaintiff suffered severe emotional distress as a proximate result.

**WHEREFORE**, Plaintiff moves this Honorable Court to enter an Order of Judgment against Defendant City of Lawton, Michael Cleghorn, and Policymakers of the City in an amount in excess of One Million Dollars (1,000,000.00) including interest, delay damages, costs of suit, general and specific damages, including compensatory and actual damages, punitive and exemplary damages as provided by law, attorneys' fees, and any other remedies legally appropriate.

    Respectfully submitted,

*//s// Andre' Wilson*
Andre Wilson, Pro Se
210 NW Cherry Ave.
Cache, OK 73527
Cell: 803-807-0612